WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

James Jackson Ellsworth, )
                         )
            Plaintiff,   )      No. CIV-11-02554-PHX-RCB
                         )
       vs.               )             O R D E R
                         )
Dennis Kendall, *et al*., )
                         )
            Defendants.  )
_____ )

### *Introduction*

Plaintiff *pro se*, James Jackson Ellsworth, is incarcerated at the Arizona State Prison Complex-Florence, South Unit ("the Florence facility").  Currently pending before the court is his "Request for District Court Assistance" in serving defendant Rose Dacumos.  Req. (Doc. 15) at 9.

### *Background*

On December 23, 2011, plaintiff, who claims to "suffer[] from multiple scler[o]sis[,]" filed the present action.  Co. (Doc. 1) at 3, ¶ 3.  He alleges that the defendants at the Florence facility were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment by failing

1   to provide him with a cane despite "the doctor['s]
2   prescri[ption]" for one "to assist . . . with his mobility[.]"
3   <u>Id.</u> Plaintiff further alleges that as a result of not being
4   provided with a cane, he fell, sustaining injuries to his head,
5   which required hospitalization and stitches. <u>Id.</u> at 4, ¶ 4.

6      After being granted leave to proceed *in forma pauperis*,
7   plaintiff was given 21 days from January 10, 2012, in which to
8   complete and return the service packets to the Clerk of the
9   Court as to defendants, "Nurse Rose, Nurse Judy, and Facility
10   Health Administrator Dennis Kendall." Ord. (Doc. 5) at 5, ¶
11   (4); and at 3:2-3. Plaintiff did that, and the Clerk forwarded
12   those completed service packets to the United States Marshal
13   Service ("USMS") for service as Fed.R.Civ.P. 4(c)(3) allows.

14      Plaintiff had indicated that service was to be made upon
15   each of the three defendants at the Florence facility.
16   Defendants Kendall and nurse Judy Jiminez, through their
17   attorney Paul E. Carter, Office of the Attorney General,
18   executed waivers of service, which were filed on their behalf.
19   <u>See</u> Docs. 8 and 9. As to "Nurse Rose," however, the summons was
20   returned unexecuted. The process receipt and return form ("form
21   USM-285") indicated, "Agency verified – no 'Nurse Rose' employed
22   at the facility listed." Doc. 7.

23      Thereafter, on April 11, 2012, the court granted
24   plaintiff's motion to amend his complaint "to indicate that
25   defendant "Nurse Rose" is properly identified as "Rose
26   Dacumos[.]" Ord. (Doc. 12) at 1:13-14. At that time, plaintiff
27   also was given twenty days from the date of receipt of the
28   service packet as to defendant Dacumos in which to complete and

1 return that packet to the Clerk of the Court for service by the

2 USMS.   <u>See</u> <u>id.</u>   Plaintiff did that, again specifying that

3 service was to made upon defendant Dacumos at the Florence

4 facility.   <u>See</u> Doc. 14.   The form USM-285 indicated, "Facility

5 returned packet - "RTS - No longer with Dept.[,]"[1] and was

6 returned as "Not Deliverable as Addressed  Unable to Forward[.]"

7 <u>Id.</u> (sic) at 1 and 2.

8     Having twice attempted and failed to serve defendant

9 Dacumos, plaintiff filed the pending "request[] [for] the

10 Court's assistance in serving" her.   Req. (Doc. 1) at 22.

11 Plaintiff is seeking such assistance claiming that he "does not

12 have the ability to conduct a search for the address of

13 Defendant Dacumos, and has no other means of effecting service."

14 <u>Id.</u> at 1:19-20.

15                         ***Discussion***

16     At this juncture, the court is not yet contemplating

17 dismissal pursuant to Fed.R.Civ.P. 4(m).   That Rule does provide

18 some context for plaintiff Ellsworth's request though.   Pursuant

19 to Rule 4(m):

20         If a defendant is not served within 120 days
           after the complaint is filed, the court—
21         on motion or on its own after notice to the
           plaintiff—must dismiss the action without
22         prejudice against that defendant or order that
           service be made within a specified time. But
23         if the plaintiff shows good cause for the failure,
           the court must extend the time for service for an
24         appropriate period.

25 Fed.R.Civ.P. 4(m). In a case such as this,  where the plaintiff

26

27         [1]    Presumably, although the court cannot be certain, "RTS" refers
   to defendant Rose Dacumos, as her name is plainly printed on the envelope
28 with that notation.   <u>See</u> Doc. 14 at 2.

is proceeding *in forma pauperis*, the USMS, upon order of the court, shall serve the summons and the complaint. Fed.R.Civ.P. 4(c)(2). "[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and . . . should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties." Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (internal quotation marks and citation omitted), *abrogated on other grounds by* Sandin v. Connor, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is automatically good cause[.]" Walker, 14 F.3d at 1422 (internal quotation marks and citation omitted). However, where a *pro se* plaintiff fails to "prove that he provided the [USMS] with sufficient information to serve [a given defendant] or that [the plaintiff] in fact requested that [that defendant] be served[,]" *sua sponte* dismissal of the unserved defendant is not an abuse of discretion. Walker, 14 F.3d at 1422.

    In the present case, "because plaintiff has not yet been able to ascertain the proper location where defendant [Dacumos] may now be served, he must remedy the situation or face dismissal of his claims against him." See Brooks v. Munoz, 2010 WL 2523939, at *1 (S.D.Cal. June 21, 2010) (citing Walker, 14 F.3d at 1421-22 (holding prisoner failed to show cause why prison official should not be dismissed under Rule 4(m) where prisoner failed to show he had provided Marshal with sufficient

information to effectuate service)).  The court is keenly aware that "neither the [USMS] nor the Court may engage in investigatory efforts on behalf of the parties to a lawsuit as this would improperly place the Court in the role of an advocate." DeRoche v. Funkhouser, 2008 WL 42277659, at *1 (D.Ariz. Sept. 16, 2008) (citing Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (holding that the court should not assume the role of advocate for a pro se litigant)); see also Ramirez v. Denver Health Medical Center, 2006 WL 2527965, at *3 (D.Colo. Aug. 30, 2006) (further noting that "[i]t is neither the role nor the responsibility of the Court or the U.S. Marshals Service, to investigate the whereabouts or to locate parties to a lawsuit[]").

Nonetheless, the court agrees with the approach taken in Brooks that "as long as [the] defendant['s] forwarding address can be easily ascertained by reference to the [facility's] personnel records, plaintiff is entitled to rely on the U.S. Marshal to effect service upon this defendant on his behalf." Brooks, 2010 WL 2523939, at *1 (citing Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990)); cf. Colon v. Zia, 2011 WL 6025657, at *3 (E.D.Cal. Dec. 2, 2011) (where state prisoner was proceeding pro se, the court ordered the USMS to "enlist[] the assistance of the Legal Affairs Division of" the state department of corrections, to "attempt to serve [defendant] at another address); Lateef v. Jackson, 2009 WL 393857, at *2 (N.D.Cal. Feb. 13, 2009) (where plaintiff inmate's summons was returned with the comment that the defendant was "no longer at the facility[,]" the court ordered the Clerk of the Court to

send a copy of court's order to the facility "Litigation Coordinator[,] who is requested to provide any forwarding address information that is available with respect to" the unserved defendant). Certainly, requiring a prison to provide a former employee's forwarding address, which is "easily ascertained by reference to the [prison's] personnel records," does not require either the court or the USMS to engage in any type of investigative efforts. See Brooks, 2010 WL 2523939, at *1 (citation omitted). This is not a situation such as Colon v. Zia, 2011 WL 6025657 (E.D.Cal. Dec. 2, 2011), where the inmate plaintiff is "request[ing] the Court to direct the Marshal to investigate records of the Department of Justice, Federal Bureau of Investigation, [the California Department of Corrections and Rehabilitation], and [the] State of California to find identifying information to locate and serve" a defendant. Id. at *3.

In light of the foregoing, and consistent with the court's approach in Brooks, the court hereby directs that Paul Edward Carter, Office of the Attorney General, Liability Management Section, and attorney of record for the served defendants herein, contact the Florence facility, and provide a current address for defendant Rose Dacumos, if such address is within that facility's records or possession, and to forward that address to the USMS in a confidential memorandum. See Brooks, 2010 WL 2523939, at *1. Alternatively, attorney Paul Edward Carter, may endeavor to secure a waiver of service from defendant Rose Dacumos.

*Conclusion*

Accordingly, **IT IS HEREBY ORDERED** that:

(1)   Plaintiff's "Request for District Court Assistance" (Doc. 15) is **GRANTED** to the extent set forth above;

(2)   Paul Edward Carter, Office of the Attorney General, Liability Management Section, shall provide the forwarding address for defendant Rose Dacumos, if any, to the United States Marshal in a *confidential memorandum* indicating that the summons and complaint is to be delivered to that address on or before July 2, 2012;

(3)   Within thirty (30) days of receipt of any available address from attorney Carter, the United States Marshal shall serve a copy of plaintiff's complaint and summons upon defendant Rose Dacumos in accordance with this order and the court's January 10, 2012 order granting, *inter alia*, plaintiff leave to proceed *in forma pauperis*;

(4) The Clerk of the Court shall provide a copy of: (1) the court's January 10, 2012 order (Doc. 5]; (2) this order; (3) the complaint, summons and a blank U.S. Marshal form 285 to the attorney Carter for purposes of re-attempting service as to defendant Rose Dacumos;

(5)   Alternatively, if attorney Carter is unable to procure defendant Rose Dacumos' address from the Florence facility, he

1 | shall notify this court and plaintiff in writing by no later
2 | than July 2, 2012.

3

4 |     DATED this __18th__ day of May, 2012.

5

6

7

8 | _____
9 | Robert C. Broomfield
   | Senior United States District Judge
10 | Copies to counsel of record and plaintiff *pro se*